**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
_____
                              :
SAWAB O. WILLIAMS,            :
                              :   Civil Action No. 10-2082 (PGS)
          Plaintiff,          :
                              :
     v.                       :        O P I N I O N
                              :
BOROUGH OF CARTERET POLICE    :
DEP'T, et al.,                :
                              :
          Defendants.         :
_____:
```

**APPEARANCES:**

Sawab O. Williams, Pro Se
45618
Middlesex County Adult Correctional Center
P.O. Box 266
New Brunswick, NJ 08903

**SHERIDAN, District Judge**

Plaintiff, Sawab O. Williams, currently confined at the Middlesex County Adult Correctional Center ("MCACC"), New Brunswick, New Jersey, seeks to bring this action alleging violations of his constitutional rights in forma pauperis, without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's complaint will be dismissed, without prejudice.

<u>BACKGROUND</u>

Plaintiff states that on December 18, 2009, defendants, officers with the Carteret Police Department, unlawfully arrested him without probable cause.  He states that there was a legitimate search warrant to search his residence, but that no evidence was produced which would justify probable cause to arrest him.  Although Plaintiff states in paragraph one of his "Statement of Claims," that the search was made pursuant to a "legitimate search warrant," in paragraph two he states that the search was "without probable cause and beyond the scope of the original search warrant."

Plaintiff further alleges that after the defendants failed to find contraband in the two previous searches, they performed a strip search on him in the hallway of the police department, "out of view of cameras, without probable cause and without authorization of a warrant."  Plaintiff asserts that this constituted excessive force in violation of his constitutional rights.

Finally, Plaintiff asserts that defendant, Borough of Carteret Police Department, fails to train and inadequately supervise its police officers.

Plaintiff asks for monetary and other relief.

## DISCUSSION

### A.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States

3

v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept
as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff." Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court
need not, however, credit a pro se plaintiff's "bald assertions"
or "legal conclusions." Id.

     Recently, the Supreme Court refined this standard for
summary dismissal of a complaint that fails to state a claim in
Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined
Rule 8(a)(2) of the Federal Rules of Civil Procedure which
provides that a complaint must contain "a short and plain
statement of the claim showing that the pleader is entitled to
relief." Fed. R. Civ. P. 8(a)(2).  Citing its recent opinion in
Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the
proposition that "[a] pleading that offers 'labels and
conclusions' or 'a formulaic recitation of the elements of a
cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting
Twombly, 550 U.S. at 555), the Supreme Court held that, to
prevent a summary dismissal, a civil complaint must now allege
"sufficient factual matter" to show that the claim is facially
plausible.  This then "allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." See id. at 1948.  The Supreme Court's ruling in Iqbal

4

emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

## B.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## C.   EXCESSIVE FORCE CLAIMS

Plaintiff states that "Defendant [Dammann] used excessive force after unlawfully arresting and detaining plaintiff." (Complt., ¶ 6).

A Fourth Amendment excessive force claim calls for an evaluation of whether a police officer's actions are objectively reasonable in light of the facts and circumstances confronting him.  See Graham v. Conner, 490 U.S. 386, 397 (1989).  "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  Id.  While the question of reasonableness is objective, the court may consider the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight.  See id. at 396.  Furthermore, appropriate attention should be given "to the circumstances of the police action, which are often 'tense, uncertain, and rapidly evolving.'"  Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995) (quoting Graham, 490 U.S. at 397).

In this case, Plaintiff makes the conclusory statement that he was a victim of excessive force.  He offers no facts to support that claim, and certainly, not facts to satisfy the Iqbal standard.  Plaintiff does not state that he was injured or harmed, or even that he received de minimis injury.  As such, as pled, Plaintiff has not alleged a claim of excessive force, and his complaint must be dismissed, without prejudice.

D.   **ILLEGAL SEARCH CLAIM**

Plaintiff's allegation that the search of his home was an illegal search and seizure also fails to survive sua sponte screening. This Court finds that it must abstain from such a ruling, as it is not generally the role of the federal courts to interfere in pending state judicial proceedings. A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings. See Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings). In this case, it appears that Plaintiff is a pretrial detainee, and there are ongoing state proceedings in which he may assert his illegal search and seizure claim.

Furthermore, if Plaintiff is not a pretrial detainee, but rather a convicted prisoner, relief is nonetheless barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994)(holding that "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").[1] Thus, this claim must be dismissed.

---

[1]  This Court also notes that if Plaintiff is alleging that the strip search violates his Fourth Amendment right to be free from unreasonable searches and seizures, due to a recent decision

E.   **FALSE ARREST CLAIM**

Plaintiff asserts that he was arrested without probable cause, after the search of his residence failed to produce evidence against him.

It is well-established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989) (citing cases). In order to state a cognizable Fourth Amendment claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Williams v. Northfield Police Dept., 2010 WL 2802229 at *4 (D.N.J. July 14, 2010) (citing Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995));

---

by the Court of Appeals for the Third Circuit, it appears that Plaintiff's claim has no merit. See Florence v. Board of Chosen Freeholders of the County of Burlington, et al., --- F.3d ----, 2010 WL 3633178, *1 (September 21, 2010). The Florence court held that "balancing the Jails' security interests at the time of intake before arrestees enter the general population against the privacy interests of the inmates," the scope, manner, and place of the blanket strip searches were reasonable and did not violate the Fourth Amendment. Id. at *13. Also, the appellate court found that individualized suspicion that an offender was smuggling contraband was not required prior to being subjected to the strip searches. See id. at *10.

8

<u>Palma v. Atlantic County</u>, 53 F. Supp.2d 743, 755 (D.N.J. 1999) (citing <u>Groman</u>, 47 F.3d at 636).

A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest.  <u>See</u> <u>Montgomery v. De Simone</u>, 159 F.3d 120, 126 (3d Cir. 1998); <u>Rose v. Bartle</u>, 871 F.2d 331, 348-51 (3d Cir. 1989).  An arrestee can file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run, however, only when the allegedly false imprisonment ends, that is, when the arrestee becomes held by legal process, for example, when he is "bound over by a magistrate or arraigned on criminal charges."  <u>Wallace v. Kato</u>, 549 U.S. 384, 388-90 (2007).

In this case, Plaintiff has not alleged "sufficient factual matter" to prevent a summary dismissal, as provided by <u>Iqbal</u>.  Plaintiff has certainly not alleged sufficient facts to show that the claim is facially plausible, or that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," as required by <u>Iqbal</u>.  <u>See Iqbal</u>, 129 S. Ct. at 1948.  All that is offered by Plaintiff is that he was "unlawfully arrested," and that there was no probable cause for the arrest.  He offers no other facts concerning his arrest. Therefore, this claim must be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.[2]

---

[2] Likewise, Plaintiff also makes the conclusory statement that the Carteret Police Department fails to properly train its officers.  He provides no factual basis for this statement, and thus, this claim must also be dismissed, without prejudice.

## CONCLUSION

Despite the above-explained shortcomings in Plaintiff's complaint, this Court will allow Plaintiff to file a motion to amend his complaint, attaching to any such motion a proposed amended complaint, which addresses the deficiencies as outlined above. Specifically, Plaintiff must adhere to the guidance by the Court of Appeals for the Third Circuit, which has explained, "the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage[ ]' but . . . 'calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 230-34 (internal citations omitted).

An appropriate order accompanies this opinion.


PETER G. SHERIDAN
United States District Judge

Dated: 12-2-10

10